```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/5/12
```

RECEIVED DEC 22 2011 CHAMBERS OF RICHARD J. HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
LISA PARISI,

                     Plaintiff,

        -v.-

THE GUARDIAN LIFE INSURANCE COMPANY
OF AMERICA,

                     Defendant.

------------------------------------------------------------ X

No. 11 Civ. 7474 (RJH)

CIVIL CASE MANAGEMENT
PLAN AND SCHEDULING
ORDER

RICHARD J. HOLWELL, United States District Court Judge:

       This Civil Case Management Plan, submitted in accordance with Fed. R. Civ. P. 26(f), is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(f):

**A.    Description of the Case**

     i.    Counsel for Plaintiff Lisa Parisi is Douglas H. Wigdor, Esq. (Lead Attorney) and Basil C. Sitaras, Esq. of Thompson Wigdor LLP, located at 85 Fifth Avenue, Floor 5, New York, New York. Counsel for Defendant The Guardian Life Insurance Company of America is Edward Cerasia II, Esq. (Lead Attorney) and Allison E. Ianni, Esq. of Seyfarth Shaw LLP, located at 620 Eighth Avenue, New York, New York.

     ii.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the alleged deprivation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e et seq. and the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA"). The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

     iii.    Plaintiff brought this action to redress Defendant's alleged unlawful employment practices, including unlawful gender and pregnancy discrimination and retaliation against Plaintiff in violation of Title VII, the New York State Human Rights Law, N.Y. Executive Law §§ 290 et seq. ("State HRL"), and the New York City Human Rights Law, N.Y. City Administrative Code §§ 8-101 et seq. ("City HRL"), as well as the Company's alleged retaliation in response to Plaintiff's exercise of her rights under the FMLA. Defendant did not file any counterclaims against Plaintiff.

    iv. The primary issue is whether Defendant discriminated against Plaintiff on the basis of her gender, pregnancy, need to take maternity leave, and/or child care needs in violation of Title VII, the State HRL, and the City HRL. The remaining issue is whether Defendant unlawfully retaliated against Plaintiff for engaging in protected activity through her protected complaints of discrimination and taking her FMLA maternity leave, in violation of Title VII, the State HRL, the City HRL, and the FMLA. Defendant denies any liability, and alleges that it terminated Plaintiff's employment because she had interpersonal issues with her co-workers, managers and internal clients; was, among other things, insubordinate and at times disruptive; failed to follow department procedures; and provided inappropriate consultation to business partners and clients.

    v. Plaintiff seeks economic, compensatory, liquidated and punitive damages for Defendant's alleged unlawful conduct, in addition to attorneys' fees, costs, and any such other and further relief as the Court may deem just and proper.

**B.  Proposed Case Management Plan**

    i. Currently, there are no pending motions before the Court.

    ii. The Parties propose that additional parties are to be joined by the date 30 days from the date of this Order.

    iii. The Parties propose that pleadings are to be amended by the date 30 days from the date of this Order.

    iv. Schedule for the completion of discovery:

        a. The Parties will make all Rule 26(a)(1) disclosures by January 6, 2012.

        b. The Parties will complete fact discovery by June 15, 2012.

        c. The Parties will make all Rule 26(a)(2) disclosures by August 15, 2012.

        d. The Parties will complete all expert discovery, including delivery of expert reports to the opposing Party, by August 15, 2012.

    v. The Parties will file all dispositive motions by July 31, 2012.

    vi. If there are no dispositive motions filed by either Party, the Parties will file a Final Pretrial Order by August 15, 2012. If either Party or both Parties file a dispositive motion, the Parties will file a Final Pretrial Order by the date 30 days after resolution of the last dispositive motion.

    vii. Trial Schedule:

        a. A jury trial is requested by Plaintiff.

   b. The probable length of trial is seven days.

   c. The case will be ready for trial 60 days from resolution of all dispositive motions.

C. **Consent to Proceed Before a Magistrate Judge:** The Parties do not consent to proceed before a magistrate judge.

D. **Status of Settlement Discussions**

   i. Plaintiff made an opening settlement demand to Defendant, but Defendant did not counter with a settlement offer and has been uninterested in settling this case to date.

   ii. Plaintiff most recently renewed her settlement demand to Defendant's counsel, but no counterproposal was discussed.

   iii. At this time, the Parties do not request a settlement conference. However, the Parties are in the process of scheduling a mediation session with the Court-appointed mediator.


THOMPSON WIGDOR LLP                           SEYFARTH SHAW LLP
Attorneys for Plaintiff                        Attorneys for Defendant

*/s/ Douglas H. Wigdor*                        */s/ Edward Cerasia II*

Douglas H. Wigdor                              Edward Cerasia II
Basil C. Sitaras                               Allison E. Ianni
85 Fifth Avenue                                620 Eighth Avenue
New York, NY 10003                             New York, NY 10018
Tel. (212) 257-6800                            Tel. (212) 218-5500
dwigdor@thompsonwigdor.com                     ecerasia@seyfarth.com
bsitaras@thompsonwigdor.com                    aianni@seyfarth.com

SO ORDERED:

*/s/ Richard J. Holwell*

Richard J. Holwell
United States District Court Judge

1/3/12

The conference scheduled for February 3, 2012 is adjourned to June 15, 2012 at 10:00 am.